Shawn J. Lau, Esquire
Attorney ID #:  56071
LAU & ASSOCIATES, P.C.
4228 St. Lawrence Avenue
Reading, PA 19606
Shawn_Lau@msn.com
(610) 370-2000 Phone
(610) 370-0700 Facsimile
Attorney for Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:**<br>**FREDERICK RICHARD REIMERT, JR.**<br>**AKA FRED REIMERT, AKA FREDERICK REIMERT AND SHANNON L. REIMERT AKA SHANNON REIMERT FKA SHANNON L MCCUSKER**<br><br>            **Debtors** | **CASE NO: 14-13172**<br>**CHAPTER 13**<br>**JUDGE RICHARD E. FEHLING** |

**DEBTORS' OBJECTION TO CERTIFICATE OF DEFAULT AND
REQUEST FOR AN ORDER GRANTING RELIEF FROM THE
AUTOMATIC STAY**

Frederick Richard Reimert, Jr. a/k/a Fred Reimert, Jr., a/k/a Frederick Reimert and Shannon L. Reimert a/k/a Shannon Reimert, f/k/a Shannon L. McCusker (Debtors), by and through their counsel, Shawn J. Lau, Esquire, of Lau & Associates, P.C., objects to the Certification of Default filed Wells Fargo Bank, N.A. (hereinafter referred to as Movant) and request for an Order granting relief from the automatic stay pursuant to 11 U.S.C. §362, as to allow the Mortgage Lenders to proceed with foreclosure of the Debtors' real estate property located at 202 Midland Ave, Reading, PA 19606.

In furtherance of their objection, the Debtors respectfully states as follows:

1. On April 22, 2014, the Debtors filed a voluntary petition for a Chapter 13 bankruptcy.

2. On or about December 1, 2015, Movant filed a Motion for Relief from Automatic Stay pursuant to §362.

3. On July 7, 2016, this Court entered an Order approving the stipulation of settlement by Movant and between Debtors, thereby resolving Movant's Motion for Relief from the automatic stay.  (See attached Exhibit "A").

4. According to Movant's Objection to Certification of default on April 19, 2018 they issued its Notice of Default advising Debtors of its assertion that Debtors' payments have not been made pursuant to the terms of this Court's approved stipulation, particularly that the Debtors' failed to tender all funds in the amount of $4,168.02, representing the amount due from January 2018 through April 2018. (See attached Exhibit "B").

5. On May 17, 2018, Movant filed its Certification of Default requesting that this Court enter an Order permitting Movant to proceed with its state court remedies upon Debtors' real estate property.  (See attached Exhibit "C").

6. As of the date of this objection, Counsel and Debtor have not received a copy of said Notice of Default by email, regular mail or facsimile.

7. As of the date of this objection, the Debtors are, and have been ready, willing and able to make all payments in arrears due under the stipulation.

8. As of the date of the hearing scheduled in this matter Debtors will be current on all payments under the Stipulation Agreement.

9. Debtors will then continue to make regular monthly payments pursuant to the stipulation in a timely fashion.

10. All parties will be best served by this Court: abstaining from granting Movant relief from the Automatic Stay of 11 U.S.C. §362, allowing the Debtors to continue making payments under the Stipulation and the loan documents, and continuing the Automatic Stay of 11 U.S.C. §362 in full force and effect.

WHEREFORE: the Debtors respectfully requests this Honorable Court to abstain from modifying the Automatic Stay, provided under 11 U.S.C. §362, as to allow Movant to proceed with foreclosure on the real estate property located at 202 Midland Ave, Reading, PA 19606, in order to allow the Debtors to continue making payments pursuant to the Stipulation in Settlement of the Motion for Relief from the Automatic Stay and the loan documents.

Date: **May 18, 2018**                          **/s/Shawn J. Lau**
                                               Shawn J. Lau, Esquire
                                               Attorney for Debtors